mined that the furnishing for compensation of motion picture films to exhibitors was not a sale of tangible property as defined by the Ohio statutes; and. further. it is the claim of defendant that since no appeal was taken from such determination as then authorized by §5611-1 et seq GC, it was a final adjudication of the matter which cannot be disturbed by mandamus inasmuch as the appeals provided for in said section provided an adequate remedy at law. Counsels' subsequent argument and citation of authorities is directed entirely to this question. If counsel is correct in their statement that no other question is presented through the answer, we would be inclined to sustain the demurrer on the authorities cited.

However. we think the answer of the Tax Commissioner is broader than is claimed by counsel for plaintiff.

It is our conclusion that the answer in addition to the defense of adequate remedy at law traverses the allegations of the petition in a manner that would constitute a denial of certain pertinent allegations of the petition.

For this reason the demurrer will be overruled.

Entry may be prepared accordingly.

HORNBECK, PJ. and BARNES, J., concur.

GEIGER, J., not participating.

STATE ex BOSTWICK v MILLER et

Ohio Appeals, 2nd Dist, Franklin Co

Nos 3051 & 3059. Decided Aug 26, 1940

Cowan, Adams & Adams, Columbus, for plaintiff.

Power & Barton, Columbus, for defendants.

BY THE COURT:

The above entitled cause is now being determined on plaintiff's motion to strike the second defense in the amended answer of the Universal Films Exchange, Incorporated, on the ground that the same contains no allegation of fact. is a legal conclusion, and a mere abstract statement of law.

The second defense of the amended answer reads as follows:

"For its second defense to the petition of the plaintiff filed herein the defendant says that plaintiff is not seeking this action to enforce an act which is specifically enjoined on the tax commission of Ohio by law, and that mandamus will not be ordered to control or regulate the general course of official conduct of the tax commission of Ohio requiring the supervision and control of a series of continuous acts by this court."

Counsel for plaintiff in support of their motion cite and comment upon the following authorities:

Knox County Bank v Lloyd's Administrators, 18 Oh St 353.

McBride v Tyler Company, 3 Abs 698.

Martz v Cincinnati H. & D. R. Co., 12 O. C. C. 144.

Williams v Burkheimer, 8 O. N. P. 134.

Harris v Webb, 22 O. N. P. 359; 31 O. Jur. 897; 21 R. C. L. 596.

The authorities cited adequately support plaintiff's motion to strike, and the order is so made.

Entry may be presented accordingly.

HORNBECK, PJ. and BARNES, J., concur.

GEIGER, J., not participating.

STATE ex BOSTWICK v MILLER et

Ohio Appeals. 2nd Dist, Franklin Co

Nos 3051 & 3059. Decided Aug 26, 1940

Cowan, Adams & Adams, Columbus, for plaintiff.

Dargusch & Green, Columbus, for defendant Ferguson.

BY THE COURT:

The above entitled cause is now being determined on plaintiff's motion to strike from the amended answer of Frank J. Ferguson the 7th defense on the ground that the same contains no allegation of fact, is a legal conclusion, and a mere abstract statement of law.